# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IVAN ENRIQUE JIMENEZ FUENMAYOR,

      Petitioner,

v.

TODD BLANCHE, in his official capacity as
Acting Attorney General of the United
States; MARKWAYNE MULLIN, in his
official capacity as Secretary of the U.S.
Department of Homeland Security; DAVID
VENTURELLA, in his official capacity as
Acting Director of the U.S. Immigration and
Customs Enforcement; MARY DE ANDA-
YBARRA, in her official capacity as El Paso
Field Office Director, U.S. Immigration and
Customs Enforcement; and WARDEN of the
Otero County Processing Center,

      Respondents.

Case No. 2:26-cv-01936-MIS-GJF

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Ivan Enrique Jimenez Fuenmayor's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 15, 2026. Respondents Todd

Blanche, Markwayne Mullin, David Venturella, and Mary De Anda-Ybarra ("Federal

Respondents"),[1] filed a Response on July 8, 2026, ECF No. 5.

---

[1] Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

This is Petitioner's second Petition for a Writ of Habeas Corpus before this Court. The Court denied Petitioner's first petition, finding that he was subject to detention under 8 U.S.C. § 1225 due to the expiration of his temporary parole and thus ineligible for release or a bond hearing. Fuenmayor v. Mullin, No. 1:26-CV-00622-MIS-LF, ___ F. Supp. 3d ___, 2026 WL 963297, at *1-5 (D.N.M. Apr. 9, 2026). Petitioner's appeal of that decision remains pending. Fuenmayor v. Mullin, 26-2063 (10th Cir. 2026). Petitioner now argues his prolonged detention, conditions of confinement, including "a serious PREA-related incident involving alleged sexual misconduct by a detention officer at Otero County Processing Center, and retaliation against him for reporting the incident, violate his constitutional rights. Pet. at 3, ECF No. 1. Petitioner requests release, the preservation of evidence relating to his claims, and the prohibition of retaliation against him for reporting misconduct or pursuing legal relief. Id. at 3-4.

Respondents move to dismiss the Petition, arguing that (1) relitigating his continued detention is an abuse of the Writ, Resp. at 5-8, ECF No. 5, (2) Petitioner's conditions of confinement and retaliation allegations are not cognizable under § 2241 and do not create a right to release, id. at 8-11, (3) his renewed prolonged-detention claim fails because his removal proceedings remain pending and he has not shown unlawful custody, id. at 11-12, (4) the issues in the first petition are precluded, id. at 13-14, and (5) his requests from preservation of evidence and anti-retaliation relief are outside the scope of habeas relief, id. at 14-15.

First, Petitioner has the right to file a second habeas petition. Khan v. Secretary, Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) (citing Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010).

Second, Respondents are wrong that "[t]he mere passage of additional time does not permit Petitioner to relitigate the same custody challenge absent a material change in law or fact that

undermines the prior judgment." Resp. at 11, ECF No. 5. The continued passage of time is a material fact when challenging prolonged detention. By Respondents' logic, if a petitioner challenges prolonged detention too early, Respondents may confine him indefinitely. That is certainly not the case. The longer a petitioner's detention, the more it may infringe on his rights. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (noting that as a petitioner is detained for longer, the reasonable time before which they must be removed before the government infringes their constitutional rights gets shorter).

Petitioner has been held in prolonged detention in violation of his constitutional rights. In its denial of Petitioner's first petition, the Court noted that he had been in custody for "only four months." Fuenmayor, 2026 WL 963297, *5. Petitioner has now been in custody for eight months. Pet. ¶ 9, ECF No. 1. "After [a] 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Mardanpour v. Warden, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026) (citing Zadvydas, 533 U.S. at 701).

Petitioner notes his appeal before the BIA remains pending and "his detention could be extended for an indefinite time period while" he awaits the decision. Pet. ¶ 14, ECF No. 1. Respondents present no evidence rebutting his showing but only rejoin that he alleges "no government-caused delay, no bad faith, [and] no refusal by the Government to pursue removal proceedings." Resp. at 12, ECF No. 5. Respondents also ignore the circumstances of Petitioner's appeal and incorrectly assert that Petitioner provides "no facts showing that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Instead, Respondents argue that "the ongoing BIA appeal is the ordinary administrative review process that Petitioner himself

3

invoked;" indicating they believe Petitioner must accept confinement as the cost of appealing. Id. That cannot be the case. It is not Petitioner's fault that the BIA appeals process drags on for years.

This Court has granted release to petitioners held under 8 U.S.C. § 1225 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. Mardanpour, 2026 WL 963164, at *8. Petitioner is in a similar position. As Petitioner has been in custody for eight months, has an ongoing appeal, and as Respondents have provided no evidence that his removal is forthcoming, the Court does not believe there is a significant likelihood of removal in the reasonably foreseeable future. The Court therefore finds Petitioner's detention is unreasonably prolonged in violation of his constitutional rights. Id. at *2-8. Petitioner is entitled to immediate release.

As Petitioner has been granted relief, Court does not reach whether Petitioner's other complaint, regarding a serious allegation of sexual misconduct by a drunk detention officer, Pet. at 6-7, ECF No. 1, warrants the relief Petitioner seeks.

Accordingly, it is **HEREBY ORDERED** that:

1.  Petitioner Ivan Enrique Jimenez Fuenmayor's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.  Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.  Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal and concrete travel plans to remove Petitioner from the United States;

4

4.    Respondents **SHALL** file a Notice of Compliance with this Order; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE